34 So.2d 319

**WILLIAMS v. STATE.**

**6 Div. 479.**

Court of Appeals of Alabama.

Feb. 3, 1948.

Rehearing Stricken March 2, 1948.

F. F. Windham and Jas. L. Marshall, both of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case originated in the Inferior Court of Tuscaloosa County, upon affidavit and warrant, wherein it was charged that defendant did buy, sell or have in his possession illegally, give, barter, exchange, receive, deliver, carry or ship prohibited liquors, contrary to law, against the peace and dignity of the State of Alabama.

To said charge in said Inferior Court the defendant interposed his plea of not guilty. From a judgment of conviction in said court, he appealed to the circuit court, and was there tried before a jury on a complaint filed by the Solicitor. Said complaint was as follows:

"The State of Alabama, by its Solicitor, complains of Charley Williams that, within twelve months before the commencement of this prosecution, he did buy, sell or have in possession illegally, give, barter, exchange, receive, deliver, carry or ship prohibited liquors, contrary to law, against the peace and dignity of the State of Alabama."

To which defendant plead not guilty. All proceedings in connection with the foregoing were regular in every respect.

Upon the trial in the circuit court the defendant was convicted; the verdict of the jury was: "We, the jury, find the defendant guilty of having in possession prohibited liquors contrary to law, as charged in the complaint and assess a fine of $50.00." Judgment of conviction was pronounced and entered, from which this appeal was taken.

There is no phase of this case which entitled the defendant to a directed verdict, hence no error in the action of the trial court in refusing the general affirmative charge requested in writing.

■ Charge X, was also properly refused. It was not only argumentative and abstract, but presented no proposition of law.

■■ The evidence as stated in brief of the Attorney General is borne out by the record, and in substance is as follows:

At approximately 9 P.M. o'clock on September 21, 1946, two officers of the Law Enforcement Division, Alabama State Department of Public Safety, Messrs. C. H. Martin and C. H. Jenkins, arrived in the vicinity of the defendant's home, parking their automobile about 200-400 yards northeast of his home. The two officers then walked from their automobile back through the woods, and paralleling the highway, towards the defendant's house. They saw a young man, a cripple, later identified as Raymond Sullivan, walking down the highway towards the defendant's house. Sullivan was seen to approach the defendant's front porch, where two women and some children were sitting. The officers came in behind Sullivan and approached him closely to the house and secreted themselves, Martin behind a small umbrella chinaberry tree in the front yard about 10 feet from the front porch and Jenkins in a prone position behind a small

embankment about 15 feet behind the chinaberry tree. The officers then saw the defendant come out on the porch and also Martin heard Sullivan ask him "if he had any whiskey," to which the defendant replied that he "didn't have very much," and Sullivan answered that he "didn't want but just about a half-pint." The defendant was then seen to return inside the house, in which lights were burning. Officer Martin then saw the defendant pour one-half a pint of "wildcat" whiskey out of a pint bottle into a brown beer bottle and return to the porch. Sullivan was standing in the yard. The defendant was seen to step down into the yard and approach Sullivan. He was seen to hand Sullivan $2.25 in change. The whiskey had not yet been passed from the defendant to Sullivan. At this point Officer Martin stepped from behind the chinaberry tree and took the whiskey from the defendant's hands and took the $2.25 in change from Sullivan's hand. Both officers testified that they smelled and tasted the whiskey and that it was "wildcat" whiskey upon which no tax had been paid and that it consisted of about one-half of a pint in a brown beer bottle. The defendant denied having sold any whiskey to Sullivan and, while admitting that the officers recovered a half pint of whiskey on this occasion, the defendant claimed that they took it off of Sullivan's person and that Sullivan had whiskey when he came to the defendant's house.

From the foregoing conflict in the evidence a jury question was of course presented, the case resting solely upon questions of fact. From the above quoted evidence it is clear that the State fully met the required burden of proof. It was ample to support the verdict of the jury and to sustain the judgment of conviction pronounced and entered.

We have carefully considered every exception reserved to the court's rulings upon the admission of evidence and otherwise, and have discovered no ruling of the court which tended to erroneously affect the substantial rights of the defendant. Said exceptions were many and to undertake a detail discussion of each exception would be useless and unnecessary, as in each instance these exceptions involved only the simplest propositions of law which have been passed upon innumerable times by the appellate courts of this State, and need not be here restated or reiterated.

Affirmed.